TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Cynthia Mahoney,*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Mahoney, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation, Experian Information Solutions, Inc., an Ohio corporation, and Discover Financial Services, a Delaware corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, Cynthia Mahoney, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of San Tan Valley, Pinal County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains its registered agent in Maricopa County, Arizona; and

    c. Discover Financial Services ("Discover"), which, upon information and belief, is a foreign entity that maintains its registered agent in Delaware.

## GENERAL ALLEGATIONS

6. Discover has misreported its trade line with account number 601100674570* ("Errant Trade Line") on Plaintiff's Experian and Equifax credit files with a late payment.

7. Mrs. Mahoney was never late in making any of her payments to Discovery. The Errant Trade Line is the result of Discover's error in processing Mrs. Mahoney's payment. In October of 2014, Mrs. Mahoney submitted a check to Discover to pay off and close her account. She was informed by a representative that her check cleared and that her account was paid and closed.

8. A few weeks later, another representative from Discover called Mrs. Mahoney and advised her that her check did not clear. Per his request, Mrs. Mahoney provided the representatives with her information again to submit her final payment and close the account. The representative told Mrs. Mahoney that her payment cleared and that her account was closed. He also provided the Plaintiff with a confirmation number of 303827.

9. A few weeks later, and surprisingly, another Discover representative informed Mrs. Mahoney that her second payment did not clear. In response, she simply

mailed the check to Discover. She later called Discover, and a representative informed her that he had received her check.

10. Sometime in January of 2015, Mrs. Mahoney obtained her Experian and Equifax credit files and noticed that Discover reported the Errant Trade Line with a 30 day late payment in November of 2014.

11. In response, Mrs. Mahoney submitted a letter to Experian and Equifax, disputing the Errant Trade Line.

12. Upon information and belief, Equifax and Experian transmitted Mrs. Mahoney's consumer dispute to Discover.

13. On or about February 8, 2015, Mrs. Mahoney received Experian's investigation results, which showed that Discover retained the 30 days late language in November of 2014 on the Errant Trade Line.

14. On or about April 3, 2015, Mrs. Mahoney submitted another letter to Experian and Equifax, disputing the Errant Trade Line.

15. Upon information and belief, Equifax transmitted Mrs. Mahoney's consumer dispute to Discover.

16. On or about April 14, 2015, Mrs. Mahoney received correspondence from Experian, which stated that it received a suspicious request regarding her credit report and determined that it was not sent by her. Experian stated that in an

effort to safeguard her personal credit information from fraud, it would not be initiating any disputes based on the suspicious correspondence.

17. On or about April 28, 2015, Mrs. Mahoney received Equifax's reinvestigation results, which showed that Discover retained the late payment language in November of 2014 on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax and Experian of Mrs. Mahoney's consumer disputes to the Errant Trade Line, Discover negligently failed to conduct a proper reinvestigation of Mrs. Mahoney's disputes as required by 15 USC 1681s-2(b).

20. Discover negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Experian to remove the erroneous late payment on the Errant Trade Line.

21. The Errant Trade Line is inaccurate and creates a misleading impression on Mrs. Mahoney's consumer credit file with Equifax and Experian to which it is reporting such trade line.

22. As a direct and proximate cause of Discover's negligent failure to perform its duties under the FCRA, Mrs. Mahoney has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Discover is liable to Mrs. Mahoney by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Mrs. Mahoney has a private right of action to assert claims against Discover arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Discover for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax and Experian that Mrs. Mahoney disputed the accuracy of the information it was providing, Discover willfully failed to conduct a proper reinvestigation of Mrs. Mahoney's disputes.

27. Discover willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Discover's willful failure to perform its respective duties under the FCRA, Mrs. Mahoney has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Discover is liable to Mrs. Mahoney for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Discover for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Mahoney as that term is defined in 15 USC 1681a.

32. Such reports contained information about Mrs. Mahoney that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Mahoney, in violation of 15 USC 1681e(b).

34. After receiving Mrs. Mahoney's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Mahoney has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Mrs. Mahoney by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Mahoney as that term is defined in 15 USC 1681a.

39. Such reports contained information about Mrs. Mahoney that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Mahoney, in violation of 15 USC 1681e(b).

41. After receiving Mrs. Mahoney's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Mahoney has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Mrs. Mahoney by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Mahoney as that term is defined in 15 USC 1681a.

46. Such reports contained information about Mrs. Mahoney that was false, misleading, and inaccurate.

47. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Mahoney, in violation of 15 USC 1681e(b).

48. After receiving Mrs. Mahoney's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

49. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Mahoney has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Experian is liable to Mrs. Mahoney by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Mahoney as that term is defined in 15 USC 1681a.

53. Such reports contained information about Mrs. Mahoney that was false, misleading, and inaccurate.

54. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or

11

more third parties pertaining to Mrs. Mahoney, in violation of 15 USC 1681e(b).

55. After receiving Mrs. Mahoney's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

56. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Mahoney has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57. Experian is liable to Mrs. Mahoney by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

| | |
|---|---|
| DATED: May 20, 2015 | KENT LAW OFFICES |
| | By: /s/ *Trinette G. Kent* |
| | Trinette G. Kent |
| | Attorneys for Plaintiff, |
| | Cynthia Mahoney |